IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ROBERT TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>MALCOLM S. GERALD & ASSOCIATES, INC.,<br><br>Defendants. | Case No. 3:09-cv-1183-J-12JRK<br><br>Judge Howell W. Melton<br>Magistrate Judge James R. Klindt |

## DEFENDANT MALCOLM S. GERALD & ASSOCIATES, INC.'S RULE 12(B)(6) MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT

Defendant Malcolm S. Gerald & Associates, Inc. ("MSGA"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01, Middle District of Florida, moves to dismiss plaintiff's complaint for failure to state a claim and in support states as follows:

Plaintiff Robert Tucker ("Tucker") is a serial Fair Debt Collection Practices Act ("FDCPA") plaintiff who has filed at least seventeen lawsuits nearly identical to this one, all through the law firm of Krohn & Moss, who also represents him in this lawsuit.[1] Tucker has failed to state a claim because he knew all along that MSGA was not trying to collect a debt owed by him and, thus, his complaint should be dismissed.

---

[1] In 2009, Tucker filed the following lawsuits in the Middle District of Florida: *Tucker v. The CBE Group*, 3:09-cv-00134, 2/13/09; *Tucker v. Nationwide Collection Corp.*, 3:2009-cv-00129, 2/17/09; *Tucker v. National Enterprise Systems*, 3:2009-cv-00163, 2/23/09; *Tucker v. Central Credit Services*, 3:2009-cv-00217, 3/09/09; *Tucker v. Progressive Asset Management Services, Inc.*, 3:2009-cv-00218, 3/09/09; *Tucker v. Portfolio Recovery Services* 3:2009-cv-00226, 3/10/09; *Tucker v. NCB Management Services*, 3:2009-cv-00228, 3/10/09; *Tucker v. Bracken*, 3:2009-cv-00243, 3/16/09; *Tucker v. ER Solutions*, 3:2009-cv-00258, 3/19/09; *Tucker v. Allied Interstate, Inc.*, 3:2009-cv-00332, 4/13/09; *Tucker v. United Recovery Systems, LP*, 3:2009-cv-00346, 4/16/09; *Tucker v. Cavalry Portfolio Services, LLC*, 3:2009-cv-00499, 6/04/09; *Tucker v. Northland Group*, 3:2009-cv-00510, 6/08/09; *Tucker v. CCB Credit Services, Inc.*, 3:2009-cv-00639, 7/13/09; *Tucker v. National Asset Recovery Services, Inc.*, 3:2009-cv-00895, 8/31/09; *Tucker v. Portfolio Recovery Associates*, 3:2009-cv-01021, 10/13/09.

1

On October 15, 2009, MSGA began attempting to contact a debtor by the name of Elissa Rhinehart ("debtor") regarding her debt. After sending the debtor a letter pursuant to 15 U.S.C. § 1692g(a) and not receiving a response, MSGA obtained a phone number listed to the debtor.[2] On November 3, 2009, MSGA called the phone number, but no one answered. MSGA called the phone number eleven more times over the span of the next month, but no one *ever* answered the phone. On December 4, 2009, without warning, Tucker filed this lawsuit alleging that MSGA violated §§ 1692c(a)(1), 1692d, 1692d(6), 1692e, 1692e(2)(A), 1692e(10), 1692e(11), 1692f(1), and 1692g(a)(1-5) of the FDCPA by calling that phone number. Tucker's complaint fails to state a claim that is plausible on its face and, therefore, should be dismissed.

## LAW AND ARGUMENT

I. **Legal Standard**

When considering a Rule 12(b)(6) motion, the court must accept all of the Plaintiff's allegations as true in determining whether the Plaintiff has stated a claim for which relief can be granted. However, this "does not give the Plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels." *Watts v. Florida International University*, 495 F.3rd 1289, 1295 (11th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). The Complaint should be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts ..." standard, and replacing it with a standard requiring "only

---

[2] In another of Tucker's lawsuits, Tucker testified during his deposition that Elissa Rhinehart is his ex-wife who, along with her current husband, resided with Tucker in his home for at least a year as recently as 2006 and where he had the same phone number as he has here. *See Tucker v. The CBE Group, Inc.*, 3:09-cv-00134, M.D. Fla. 2009, Dkt. No. 19-1, 21:5 – 22:21; 24:18 – 25:9. This is corroborated by Elisssa Rhinehart's deposition testimony that she resided with Tucker recently and still uses the last name Tucker. *See Rhinehart v. The CBE Group, Inc.*, 3:09-cv-0031, M.D. Fla. 2009, Dkt. No. 18-2, 11:9 – 13:15.

enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.*, 268 F.3rd 1014, 1037 (11th Cir. 2001) ("pleadings must be something more than an ingenious academic exercise in the conceivable"). Simply put, dismissal of the plaintiff's complaint is appropriate if the plaintiff has not "nudged its claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

Plaintiff's claims do not survive the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1946, 173 L.Ed.2d 868 (2009). There the Court said that a district court should grant a motion to dismiss a complaint for failure to state a claim unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (slip op., at 14)(emphasis added). And the Court limited the familiar rule that for purposes of a motion to dismiss for failure to state a claim, the allegations of a complaint must be accepted as true. The Court said:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, *supported by mere conclusory statements,* do not suffice.... [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff *armed with nothing more than conclusions.*

The facts as Tucker has pled them do not state a claim to relief that is plausible on its face and, as argued further below, Tucker's complaint should be dismissed pursuant to F.R.C.P. 12(b)(6).

## II.  Argument

Tucker's complaint fails to state a claim for three reasons: (a) he is not the "consumer" who owes the "debt" at issue, thus, he lacks standing to sue under §§1692c(a)(1), 1692e(11), and 1692g(a)(1-5); (b) he knew that the phone calls were not directed at him, thus, as a matter of law, there can be no false, deceptive, or misleading representations or any unfair or unconscionable

3

means in violation of §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(11), or 1692f(1); and (c) Tucker's §§ 1692d and d(6) claims fail as a matter of law because leaving a voicemail message is not a violation and his allegations show that MSGA did not hide its identity.

      A.    <u>Tucker Lacks Standing Because He Is Not the "Consumer."</u>

Tucker's allegations that MSGA violated §§1692c(a)(1), 1692e(11), and 1692g(a)(1-5) fail because they do not comply with a fundamental element of those sections: only a consumer who owes the debt has standing to allege a violation of those sections. Tucker alleges in his complaint that he does not owe the debt. Compl. ¶ 13. Thus, Tucker does not have standing to allege violations of §§1692c(a)(1), 1692e(11), and 1692g(a)(1-5).

The term "consumer" is defined in § 1692a(3) as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The term "debt" is defined in § 1692a(5) as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). These defined terms are important elements in §§ 1692c, e, and g.

Sections 1692c(a)(1), e(11), and g(a)(1-5) impose obligations on a debt collector's communication with a *consumer* regarding collection of a *debt*. 15 U.S.C. §§ 1692c(a)(1), 1692e(11), and 1692g(a)(1-5). The scope of each section is limited by express language:

- Section 1692c(a) is entitled "Communication with the *consumer* generally" and proscribes certain communications with a *consumer*: "Without the prior consent of the *consumer*…a debt collector may not communicate with a *consumer* in connection with the collection of any *debt*—(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the *consumer*." 15 U.S.C. § 1692c(a)(1) (in relevant part) (emphasis added).

- Section 1692e(11) prohibits "The failure to disclose in the initial written communication with the *consumer* ... that the debt collector is attempting to collect a *debt*...". 15 U.S.C. § 1692e(11) (in relevant part) (emphasis added).

- Section 1692g(a)(1-5) dictates the contents of the notice a debt collector must send to a *consumer*. "Within five days after the initial communication with a consumer in connection with the collection of any *debt*, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the *debt*, send the *consumer* a written notice...". 15 U.S.C. § 1692g(a)(1) (in relevant part) (emphasis added).

Under the explicit language of these sections, only a "consumer" from whom a collector is attempting to collect a "debt" as those terms are defined in the FDCPA has standing to sue for violations of these sections. *See Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410 at *6 (M.D. Fla. 2006) (only a consumer has standing to allege § 1692c and § 1692e(11) claims); *Vuaai v. Mortgage Elec. Registry Sys.*, 2009 WL 2705819, at *9 (E.D.Mich. Aug.24, 2009) (§ 1692g claims apply only to consumers). Thus, if either element is not present, a person cannot allege a violation of these sections. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003) (relief under § 1692c limited to consumers); *Conboy v. AT & T Corp.*, 84 F. Supp. 2d 492, 504 (S.D.N.Y. 2000), aff'd, 241 F.3d 242 (2d Cir. 2000) (§ 1692e(11) disclosures are required to be made only to "consumer"); *Schwartz v. Resurgent Capital Services, LP*, 2009 WL 3756600 at *3 (E.D.N.Y. 2009) (relief under § 1692g available only to consumers); *Weinrich v. Robert E. Cole, P.C.*, 2001 WL 4994, *4 (E.D. Pa. 2000) (§ 1692e(11) regulates only conduct with the consumer).

Here, Tucker admits that he does not owe the debt. Compl. ¶13. Accepting Tucker's admission as true, he cannot be a "consumer" because he is not obligated or allegedly obligated to pay the debt.[3] As someone who does not owe the debt, MSGA is not bound by the obligations

---

[3] Under § 1692c(d), "consumer" includes a consumer's spouse, parent, guardian, executor, or administrator. Tucker does *not* allege he is married to, related to, or is a guardian, executor, or administrator for the debtor.

5

of §§ 1692c(a), e(11), and g(a)(1-5) in any alleged communications with Tucker. *Pauly v. GC Services, Ltd.*, 2007 WL 1350449 at *2 (D.Neb. 2007) (non-consumer does not have standing to sue under § 1692c); *Cole v. Toll*, 2007 WL 4105382 at *5 (E.D. Pa. 2007) (right to bring cause of action under § 1692e(11) limited to consumers). Thus, Tucker does not have standing to sue under these sections.

In a similar case, *Kaniewski v. National Action Financial Services*, 2009 WL 5166209 at *3 (E.D. Mich. 2009), a debt collector made several phone calls to a man who was not the debtor and, believing it had reached the debtor, left voicemail messages intended for the debtor on the man's answering machine. *Kaniewski*, 2009 WL 5166209 at *1. After the man called the debt collector and requested his phone number be removed from its database, the debt collector removed the phone number and stopped calling him. *Id.* at *2. Then the man sued the debt collector for violation of multiple sections of the FDCPA, including §§ 1692c and g. *Id.* The *Kaniewski* Court explained that "one who does not owe the alleged debt does not have standing to assert a claim under § 1692c" and that the same analysis applied to § 1692g. *Id.* at *3. Likewise, Tucker does not have standing to sue under §§ 1692c, e(11), and g because he does not owe the alleged debt. Compl. ¶ 13.

Tucker may argue in response that he has standing because he alleged in the complaint that he is a consumer and that "according to Defendant" he owes the debt. Compl. ¶ 7. These are legal conclusions couched as factual allegations that the court is *not* bound to accept as true when ruling on a motion to dismiss. *Twombly*, 127 S.Ct. at 1974; *Ashcroft v. Iqbal,* 129 S.Ct. at 1946 ("recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Tucker offers no factual support for his legal conclusion that he is a consumer

under § 1692a(3)—it is an unsupported legal conclusion that is contradicted by his own allegations. Compl. ¶ 13. Tucker also offers no factual support for his legal conclusion that "according to Defendant" he owes the debt. Compl. ¶ 7. Tucker's legal conclusions are nothing more than recitals of the elements of §§ 1692c, e(11), and g, and, thus, they are insufficient to state claim.

In a similar case, the court reached the same conclusion and found that the identical allegations could not support an FDCPA lawsuit. In *Sullivan v. CTI Collection Services*, 2009 WL 1587588 (M.D. Fla. 2009), the plaintiff[4] alleged that the defendant violated the FDCPA and made the <u>identical</u> assertions as Tucker has here regarding his status as a consumer and that he owed the debt. The *Sullivan* complaint stated "Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5)." *Id.* at *2; *compare*, Compl. ¶ 7. Citing to *Ashcroft v. Iqbal*, 129 S. Ct. 1936 (2009), the *Sullivan* Court dismissed the complaint because plaintiff's allegations were "exactly the type of threadbare recitals that the Supreme Court sought to prevent in *Iqbal*." *Id.* The *Sullivan* Court explained that plaintiff had done nothing more than recite the elements of an FDCPA action and had failed to comply with Rule 8(a) by providing a short and plain statement of the facts. *Id.* Likewise, this Court should dismiss Tucker's complaint because his allegations that he is a consumer who allegedly owes the debt are a nothing more than repetition of the elements without factual support. He has failed to state a claim, therefore, his complaint should be dismissed.

---

[4] In *Sullivan v. CTI Collection Services*, 2009 WL 1587588 (M.D. Fla. 2009), the plaintiff was represented by the law firm of Krohn & Moss, the same law firm that represents Tucker here and in the sixteen other lawsuits Tucker filed in 2009 in the Middle District of Florida.

Moreover, Tucker failed to allege that any *actual* communication occurred that would trigger the requirements of §§ 1692e(11) and 1692g(a). 15 U.S.C. § 1692e(11) and g(a). Both sections address actions a debt collector must take either during or immediately following a communication with a consumer. He does *not* allege that he spoke with anyone from MSGA or received any voicemails from MSGA. Thus, even if Tucker had properly alleged that he was a "consumer" from whom MSGA was attempting to collect a "debt," Tucker's failure to allege that he had any actual communication with MSGA must result in dismissal for failure to state a claim.

B.   <u>Tucker Knew the Calls Were Not for Him.</u>

Tucker's allegations that MSGA violated §§ 1692e, 1692e(2)(A), 1692e(10), 1692e(11), and 1692f(1) fail to state a claim because Tucker <u>knew</u> that the phone calls were not directed at him, but at another. Knowing the calls were directed at another person, Tucker could not have been deceived or misled and the phone calls could not be "false" under § 1692e and could not violated § 1692f(1), which prohibits collection of amounts not owed by the agreement. Thus, as a matter of law, Tucker's §§ 1692e and f claims fail.

Under § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Under § 1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. In interpreting these sections, the Eleventh Circuit has adopted the least sophisticated consumer standard, which is an objective test used to assess whether a debt collection practice violates the FDCPA. *Thomas v. Commercial Recovery Systems, Inc.*, 2008 WL 5243296 at *2 (M.D. Fla. 2008) (citing *Jeter v. Credit Bureau, Inc.*, 760

F.2d 1168, 1172 (11th Cir. 1985)). While this standard protects both naïve and sophisticated consumers, it also protects debt collectors from "bizarre or idiosyncratic interpretations." *Id.*

Tucker's allegations, taken as true, lead to a bizarre interpretation of §§ 1692e and f. Section 1692e requires a false, deceptive, or misleading representation. But the phone calls could <u>not</u> be false, deceptive, or misleading when Tucker <u>knew</u> the calls were not for him. To interpret otherwise, would turn § 1692e inside out. In other words, accepting Tucker's allegations as a properly stated claim would mean that a representation known by the consumer *not* to be false, deceptive, or misleading could still violate § 1692e. This is a plain contradiction of § 1692e and such a bizarre interpretation cannot meet the least sophisticated consumer standard. The same is true for § 1692f(1). It would be a bizarre interpretation of § 1692f(1) if a person who is not a consumer, who admits he does not owe the debt, and who knows that the phone calls were not directed at him could state a claim to the contrary. Tucker's allegations fail to meet the least sophisticated consumer standard and, thus, fail to state a claim under §§ 1692e, e(2)(a), e(10), e(11), and f(1).

The Court in *Kaniewski v. National Action Financial Services*, 2009 WL 5166209 at *3 (E.D. Mich. 2009) reached the same conclusion. As stated above, in *Kaniewski*, a debt collector made several phone calls to a man who was not the debtor. *Kaniewski*, 2009 WL 5166209 at *1. The *Kaniewski* Court dismissed the man's complaint because the man clearly understood that the debt collector was not attempting to collect a debt from him and, thus, could not meet the least sophisticated consumer test. *Id.* at * 4. Other courts have reached the same conclusion regarding similar cases. *See Kujawa v. Palisades Collection, LLP*, 614 F. Supp. 2d 788 (E.D. Mich. 2008) (§§ 1692e and f claims failed because plaintiff knew communications were not directed to him); *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819 (S.D. Ohio 2008) (complaint failed

to state a claim under § 1692f(1) where plaintiff knew communications were not directed at him). Likewise, Tucker fails to state a claim under §§ 1692e and f because he knows he does not owe the debt and that the phone calls were not directed at him.

Moreover, Tucker's §§ 1692e, e(2)(a), e(10), and e(11) claims fail because he does not allege that any actual representations were ever made. He does not allege that he had any conversation with anyone from MSGA or received any voicemails from MSGA. He makes only a conclusory allegation that MSGA seeks and demands payment for an alleged debt. Compl. ¶11. A careful reading of the Complaint reveals that, in fact, Tucker had no communication with MSGA at all. Without any allegations of a representation or communication, Tucker's §§ 1692e, e(2)(a), e(10), and e(11) claims fail.

    C.    <u>Tucker Fails to State a Claim Under §§ 1692d or 1692d(6).</u>

Tucker's §§ 1692d and d(6) claims fail as a matter of law because leaving a voicemail message is not a violation of § 1692d and because Tucker's allegations show that MSGA did not hide its identity, thereby defeating his claim that MSGA violated § 1692d(6).

Section 1692d prohibits conduct the natural consequence of which is to harass, oppress, or abuse. 15 U.S.C. § 1692d. Subsections (1)-(6) specifically forbid the use or threat of violence or criminal means, the use of obscene or profane language, public humiliation, causing a phone to ring repeatedly with the intent to annoy, and placement of calls without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(1)-(6).

Tucker's allegation that MSGA called and hung up without leaving a voicemail message is not a violation of § 1692d because placing phone calls without leaving a voice message does not by itself violate § 1692d. *Clark v. Quick Collect, Inc.,* 2005 WL 1586862, at *4 (D.Or. 2005); *Udell v. Kansas Counselors, Inc.,* 313 F. Supp. 2d 1135, 1144 (D.Kan. 2004). When read

by itself, § 1692d(6) does not state whether a debt collector must leave a message when no one answers the phone call, but when read in conjunction with the entirety of § 1692d, it is clear that not leaving a message is not the type of harassing, oppressive, or abusive conduct that violates the statute. *Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135, 1144 (D.Kan.2004). Moreover, requiring a debt collector to leave voicemail messages could lead to other violations of the FDCPA. *See Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135, 1144 (D.Kan. 2004); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006). As a matter of law, Tucker's claim that MSGA failed to leave a voicemail message fails to state a claim under § 1692d.

Further, Tucker does not allege any conduct that could violate § 1692d. Tucker does not allege a violation of § 1692d(5), which prohibits causing the phone to ring repeatedly or continuously, and does not allege that the phone calls from MSGA were repeated or continuous. He also does not allege that any conversations took place between him and MSGA or that MSGA left any voicemail messages. Failure to specifically identify how conduct constitutes harassment or abuse under § 1692d warrants dismissal of a claim. *Saltzman v. I.C. Sytsem, Inc.*, 2009 WL 3190359 (E.D. Mich. 2009). Having not alleged a colorable violation of § 1692d, Tucker's claim must be dismissed.

Tucker's allegations that MSGA violated § 1692d(6) by placing phone calls without meaningful disclosure of its identity fail as a matter of law because MSGA clearly did not hide its identity. Meaningful disclosure "requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked." *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005). Tucker fails to allege that any communication took

place during which disclosure of MSGA's identity could occur, such as a conversation or a voicemail message. To the extent Tucker is alleging that MSGA has a duty to disclose its identity over caller I.D., MSGA clearly did <u>not</u> hide its identity when it placed the phone calls because Tucker alleges both MSGA's name and phone number in the Complaint. Compl. ¶¶ 12 and opening paragraph. This information could only be from caller I.D. because Tucker fails to allege the occurrence of any conversations or voicemail messages.

In a similar case, *Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135, 1144 (D.Kan. 2004), the court reached the same conclusion where a handful of calls were placed to the plaintiff, who did not answer them, and the debt collector did not leave voicemails. *Id.* at 1144. The *Udell* Court concluded that the debt collector could not have attempted to hide its identity when it placed the phone calls because the plaintiff knew the debt collector's phone numbers and could have known them only through caller I.D. given that she did not receive a voicemail or pick up the phone when the debt collector called. *Id.* Likewise, in *Saltzman v. I.C. Sytsem, Inc.*, 2009 WL 3190359 (E.D. Mich. 2009), the court concluded that plaintiff's § 1692d(6) claim failed where she recognized the debt collector's phone number on her caller I.D. and did not pick up. Just as those claims failed, Tucker's claim that MSGA violated § 1692d(6) by failing to disclose its identity fails.

For the reasons stated above, Tucker has failed to state a claim under the FDCPA and his Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE Defendant Malcolm S. Gerald & Associates, Inc. requests this Court enter an order dismissing plaintiff's Complaint and for any other relief this Court deems just.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant
Malcolm S. Gerald & Associates, Inc

_____
Daniel J. Kissane (FB#0771287)
4686 Sunbeam Road
Jacksonville, FL 32257
(904) 672-4000 (Telephone)
(904) 672-4050 (Facsimile)
Daniel.kissane@csklegal.com


Of Counsel:


*s/ Amy R. Jonker*
Amy R. Jonker (ajonker@dykema.com)
DYKEMA GOSSETT, PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 312-876-1700
Fax:    312-627-2302

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2010, I electronically filed Defendant Malcolm S. Gerald & Associates, Inc.'s Motion to Dismiss to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Matthew Kiverts
Krohn & Moss, Ltd.
120 W. Madison Street, 10th Floor
Chicago, IL 60602
mkiverts@consumerlawcenter.com

                        COLE, SCOTT & KISSANE, P.A.
                        Counsel for Defendant
                        Malcolm S. Gerald & Associates, Inc

                        _____
                        Daniel J. Kissane (FB#0771287)
                        4686 Sunbeam Road
                        Jacksonville, FL 32257
                        (904) 672-4000 (Telephone)
                        (904) 672-4050 (Facsimile)
                        Daniel.kissane@csklegal.com