UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT TUCKER,

    Plaintiff,

v.                                        Case No.3:09-cv-1183-J-12JRK

MALCOLM S. GERALD
AND ASSOCIATES, INC.,

    Defendant.

## ORDER

This cause is before the Court on Defendant Malcolm S. Gerald & Associates, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. 6)("motion to dismiss"), filed February 15, 2010. Plaintiff's response in opposition (Doc. 8) was filed on February 26, 2010. For the reasons set forth below, the Court will grant the motion to dismiss with leave to amend.

For purposes of deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the Court accepts the allegations in Plaintiff's Complaint (Doc. 1) as true and views the facts in the light most favorable to Plaintiff. See, e.g., Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Quality Foods De Centro Amer. v. Latin Amer. Agribusiness Dev. Corp., 711 F.2d 989, 994-95 (11th Cir. 1983). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir.

2008)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(internal quotation marks omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court addressed the standard of pleading in order to state a claim for relief and avoid dismissal under Fed.R.Civ.P.12(b)(6). The Supreme Court noted that while a complaint need not contain detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and a formulaic recitation of the elements of a cause of action and must make factual allegations that create more than a suspicion of a legally cognizable cause of action, on the assumption that all of the allegations in the complaint are true, even if doubtful in fact. 550 U.S at 555 (citations omitted). A complaint must allege enough facts, taken as true, to raise the reasonable expectation that discovery will reveal evidence sufficient to establish the elements of the cause of action. See, Id. at 556. The factual allegations must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. See, Id. at 557-558. The Supreme Court expressly rejected the often used standard derived from Conley v. Gibson, 355 U.S. 41 (1957), that a plaintiff states a cause of action if the allegations raise the possibility that the plaintiff could establish some set of facts to support recovery. Id. at 561-563.

The Supreme Court recently has reiterated Twombly's requirement that to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim fo relief that is plausible on its face" and further elaborated on the "plausibility standard," in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (internal quotations and citations omitted). The Iqbal Court further explained that a court need not accept legal conclusions couched as factual recitations as true and that determining whether a complaint states a plausible claim for relief is a context-specific task requiring the reviewing court to draw on its judicial experience and common sense. Id. at 1950. A complaint has *alleged*, but not *shown* entitlement to relief, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

Plaintiff's Complaint (Doc. 1) asserts that Defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. Plaintiff alleges that he is a consumer and, that according to Defendant, Plaintiff allegedly owes a debt, and that Defendant is a debt collector. Doc. 1 at ¶¶ 7-8. The factual allegations contained in ¶¶ 11-17 of the Complaint may be summarized as asserting that Defendant places calls to plaintiff "seeking and demanding payment" for an alleged debt that Plaintiff does not owe, "hangs up without leaving voicemail messages," fails to disclose the call is from a debt collector, fails to provide meaningful disclosure of the caller's identity, and did not send Plaintiff a debt validation letter. The single count of the Complaint alleges that Defendant's conduct described in the factual allegations violates nine different provisions of the FDCPA. Doc. 1 at ¶ 18(a)-(i).

The Court is of the opinion that Plaintiff's Complaint is largely comprised of formulaic recitations of the statutory elements of violations of the FDCPA and does not allege facts

3

sufficient to meet the requirements of Twombly and Iqbal discussed above. The conduct Defendant is alleged to have undertaken in seeking and demanding payment for an alleged debt is to call Plaintiff's phone number without leaving any message, failing to disclose that the call is from a debt collector, failing to disclose its identity as a debt collector, and not sending Plaintiff a debt validation letter. Doc. 1 at ¶¶ 11-17. These factual statements regarding Defendant's conduct are insufficient to support the FDCPA violations alleged.

For example, Plaintiff's Complaint does not describe the number, frequency or pattern of calls to support his conclusory allegations that such calls were made at a time or place known or which should be known as inconvenient to Plaintiff or that the natural consequence of Defendant's conduct was to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt. See Doc. 1 at ¶¶ 18(a) and (b). His factual assertions likewise do not adequately support his assertions regarding violations of the FDCPA involving false representations or improper communications, because he has not alleged that Defendant made any representations or communications at all, only that Defendant called without leaving any messages. See Doc. 1 ¶¶ 18(d)-(g) and (i). While it is clear from Plaintiff's Complaint that Plaintiff contends he did not owe the alleged debt, it is unclear based on Defendant's alleged conduct how "according to Defendant, Plaintiff allegedly owes a debt," which would qualify Plaintiff as a consumer. See Doc. 1 at ¶¶ 7 and 18(h).

For the foregoing reasons, the Court finds that Plaintiff's Complaint (Doc. 1) fails to comply with Fed.R.Clv.P. Rule 8's requirement that it contain a short and plain statement of the facts and is largely comprised of legal conclusions reciting the statutory elements

which do not plausibly suggest liability on the part of Defendant. Accordingly, Defendant's motion to dismiss is due to be granted with leave to amend, and it is

**ORDERED AND ADJUDGED:**

That Defendant Malcolm S. Gerald & Associates, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. 6) is granted with leave to amend and Plaintiff shall have until April 14, 2010 to file an amended complaint.

**DONE AND ORDERED** this ___24th___ day of March 2010

*Howell W. Melton*
Senior United States District Judge


Copies to: Counsel of Record